Filed 6/28/13  P. v. Lopez-Figueroa CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037723 |
| Plaintiff and Respondent, | (Monterey County |
| | Super. Ct. No. SS091553) |
| v. | |
| EZEKIEL LOPEZ-FIGUEROA, | |
| Defendant and Appellant. | |

Defendant Ezekiel Lopez-Figueroa was convicted by jury trial of first degree murder (Pen. Code, § 187, subd. (a)),[1] attempted murder (§§ 187, subd. (a), 664), assault with a firearm (§ 245, subd. (a)(2)), and active participation in a criminal street gang (§ 186.22, subd. (a)).  The jury also found true gang allegations (§ 186.22, subd. (b)(1)) as to the murder, attempted murder, and assault counts, firearm allegations (§ 12022.53, subds. (c) & (d)) as to the murder and attempted murder counts, and an allegation that the attempted murder had been committed willfully, deliberately, and with premeditation (§ 664).  Defendant was committed to state prison to serve a term of 50 years to life for the murder count consecutive to a life term plus 20 years for the attempted murder count, and a consecutive eight-month term for the gang count.  On appeal, he contends that he was deprived of due process because the information failed to allege that the attempted

_____

[1]     Subsequent statutory references are to the Penal Code unless otherwise specified.

murder was willful, deliberate, and premeditated.  We find no basis to disturb the judgment.  However, we direct the trial court to correct a clerical error on the abstract of judgment.

## I.  Background

The facts are not relevant to the sole issue on appeal.  Defendant fired seven shots at a boy whose young sister was standing next to him.  The girl died, and the boy was wounded.[2]  Defendant made a videotaped confession to the police in which he admitted that he had aimed his gun at the brother and knew the girl was next to him.

Defendant waived preliminary examination.  The November 2009 original information did not include an allegation that the attempted murder was willful, deliberate, and premeditated.[3]  The trial briefs filed by the defense and the prosecution on October 21, 2011 each proposed that the court instruct the jury with CALCRIM No. 601.  CALCRIM No. 601 is the instruction on the allegation that an attempted murder was willful, deliberate, and premeditated.  The prosecution's trial brief also included proposed verdict forms.  The proposed verdict form for the attempted murder count included this special allegation.  It read:  "We, the Jury, further find the allegation that the crime was WILLFUL, DELIBERATE, AND PREMEDITATED to be [TRUE/NOT TRUE]."  The amended information filed on October 24, 2011, like the original information, did not mention this special allegation.

Jury selection began on October 24, 2011.  The prosecution made its opening statement on October 26.  In her opening statement, the prosecutor said:  "We will prove that this was first degree murder, attempted murder, with premeditation and deliberation,

---

[2]    At trial, defendant testified that he had lied to the police, was not present when the shooting occurred, and had nothing to do with the shooting.

[3]    We will sometimes refer to this as the special allegation.

2

and that it was done for the benefit of the Norteno street gang." The prosecution's case-in-chief was completed on October 28, and the defense also presented its case that day. The prosecution's rebuttal was the next court day, October 31.

At the instruction conference on October 31, 2011, the court stated that it would instruct the jury with CALCRIM No. 601. Defendant's trial counsel did not object. The court instructed the jury, prior to arguments, with CALCRIM No. 601 on the "additional allegation that the attempted murder was done willfully, and with deliberation and premeditation." In her opening argument to the jury, the prosecutor told the jury: "In attempted murder, . . . I need to show specific intent to kill, that it was deliberate, it was willful and it was premeditated."

The jury found defendant guilty of all counts and found all of the allegations true including the allegation that the attempted murder had been willful, deliberate, and premeditated. Defendant was sentenced to 25 years to life on the murder count, a consecutive 25 years to life term for the attached firearm enhancement, a consecutive life term on the attempted murder count plus a consecutive 20-year term for the attached firearm enhancement, and a consecutive eight-month term for the gang count.[4] The court imposed and stayed under section 654 a term for the assault count. Defendant timely filed a notice of appeal from the judgment.

## II. Analysis

Defendant's sole contention on appeal is that the prosecution's failure to allege in the information that the attempted murder was willful, deliberate, and premeditated violated his right to due process and precludes the imposition of a life term for that count.

---

[4] The abstract of judgment fails to include the gang count. We will direct the trial court to prepare an amended abstract to correct this clerical error.

3

"[I]f the crime attempted is willful, deliberate, and premeditated murder, as defined in Section 189, the person guilty of that attempt shall be punished by imprisonment in the state prison for life with the possibility of parole. . . . The additional term provided in this section for attempted willful, deliberate, and premeditated murder shall not be imposed unless the fact that the attempted murder was willful, deliberate, and premeditated is charged in the accusatory pleading and admitted or found to be true by the trier of fact." (§ 664, subd. (a).)

Three cases are pertinent to this issue: *People v. Mancebo* (2002) 27 Cal.4th 735 (*Mancebo*); *People v. Arias* (2010) 182 Cal.App.4th 1009 (*Arias*); and *People v. Houston* (2012) 54 Cal.4th 1186, 1225 (*Houston*). Defendant claims that *Arias* is "directly on point," while the Attorney General maintains that *Houston* "is closer to the facts" here.

We begin by examining *Mancebo*, as it served as the primary basis for the analysis in *Arias*. The jury in *Mancebo* found true two "One Strike" circumstances as to each of two sex crimes against different victims. As to each crime, one of the circumstances was gun use. The jury also found true a gun use enhancement allegation as to each crime. A "multiple victims" circumstance was not alleged or found true by the jury. (*Mancebo*, *supra*, 27 Cal.4th at p. 738.) The One Strike statute precluded the gun use from being used as the basis for an enhancement if it was used as a One Strike circumstance. To avoid this prohibition, the trial court at sentencing substituted for the gun use circumstance a "multiple victim" circumstance that had neither been alleged in the information nor found true by the jury. (*Mancebo*, at pp. 738-739.) The defendant challenged the imposition of the gun use enhancements on the ground that the multiple victim circumstance had been neither pleaded nor proved. The California Supreme Court agreed. "[N]o factual allegation in the information or pleading in the statutory language informed defendant that if he was convicted of the underlying charged offenses, the court would consider his multiple convictions as a basis for One Strike sentencing under section 667.61, subdivision (a). Thus, the pleading was inadequate because it failed to

4

put defendant on notice that the People, for the first time at sentencing, would seek to use the multiple victim circumstance to secure indeterminate One Strike terms under section 667.61, subdivision (a) *and* use the circumstance of gun use to secure additional enhancements under section 12022.5(a)." (*Mancebo*, at p. 745.)

The defendant in *Arias* challenged the imposition of life terms for two attempted murder convictions on the ground that his right to due process had been violated due to the fact that the information had failed to allege that the attempted murders had been willful, deliberate, and premeditated. (*Arias*, *supra*, 182 Cal.App.4th at p. 1016.) The trial court instructed the jury on the special allegation. (*Arias*, at p. 1017.) However, "[t]he jury's attempted murder verdicts did not include special findings as to premeditation and deliberation, but found 'first degree attempted murder' as to both victims."[5] (*Ibid.*) The Attorney General claimed that the defendant had forfeited the claim by failing to object to the information below. (*Ibid.*) The Court of Appeal, relying on *Mancebo*, rejected the Attorney General's argument. (*Arias*, at pp. 1017-1018.) "Here, neither the information nor any pleading gave defendant notice that he was potentially subject to the enhanced punishment provision for attempted murder under section 664, subdivision (a)." (*Arias*, at p. 1019.)

The final case in this trio is *Houston*. In *Houston*, the indictment failed to allege that the 10 attempted murder counts were willful, deliberate, and premeditated. (*Houston*, *supra*, 54 Cal.4th at pp. 1225-1226.) After the defense had presented one day of its case to the jury, the court provided counsel with a "preliminary draft" of the verdict forms. This draft included in the verdict forms the special allegation for the attempted

---

[5] "California law does not define attempted murder in terms of degrees. Rather, section 664, subdivision (a) provides that the punishment for attempted murder can be increased from the prescribed maximum determinate term to a life sentence when it is pleaded and proved that the murder attempted was willful, deliberate, and premeditated." (*Arias*, *supra*, 182 Cal.App.4th at p. 1011, fn. 2.)

murder counts. (*Houston*, at p. 1226.) The court told the attorneys that it understood that the prosecution " 'is intending to charge premeditated attempted murder' " and told them to " '*tell me now*' " if " '*that's not right*.' " The trial court also pointed out that this " 'type of attempted murder . . . [is] punished by life imprisonment rather than five, seven, nine.' " (*Houston*, at p. 1226.) A week later, the court told the attorneys that it would include the special allegation in its verdict forms. The court instructed the jury on the special allegation, and the defense did not object. (*Ibid*.) The jury found the special allegations true, and life terms were imposed for the attempted murder counts. (*Ibid*.)

On appeal, the defendant challenged the propriety of life terms for the attempted murder counts because the prosecution had violated his due process rights by failing to plead the special allegation. The California Supreme Court found that, due to the trial court's statements regarding the special allegation, the defendant had the opportunity to object below and had forfeited the claim by failing to do so. (*Houston*, *supra*, 54 Cal.4th at pp. 1226-1227.) "Had defendant raised a timely objection to the jury instructions and verdict forms at any of these stages of the trial on the ground that the indictment did not allege that the attempted murders were deliberate and premeditated, the court could have heard arguments on whether to permit the prosecutor to amend the indictment. [Citation.] If the trial court was inclined to permit amendment, defendant could have requested a continuance to permit him to prepare a defense. [Citation.] On the facts here, defendant received adequate notice of the sentence he faced, and the jury made an express finding that the attempted murders were willful, deliberate, and premeditated. A timely objection to the adequacy of the indictment would have provided an opportunity to craft an appropriate remedy. Because defendant had notice of the sentence he faced and did not raise an objection in the trial court, he has forfeited this claim on appeal." (*Houston*, at pp. 1227-1228.)

While declining to express an opinion on whether *Arias* was correct, the California Supreme Court distinguished *Arias*. "[I]t is unclear when the trial court [in *Arias*] issued

6

its proposed jury instructions and verdict forms to the parties and whether this issue was discussed.  In contrast, the trial court here actually notified defendant of the possible sentence he faced before his case was submitted to the jury, and defendant had sufficient opportunity to object to the indictment and request additional time to formulate a defense.  In addition, the jury was properly instructed and made an express finding that the attempted murders were willful, deliberate, and premeditated." (*Houston*, *supra*, 54 Cal.4th at p. 1229.)

The only question here is whether this case is governed by *Arias* or by *Houston*.  We agree with the Attorney General that *Houston* controls here.[6]

Defendant in this case had a great deal more notice of, and therefore opportunity to object to, the prosecution's plan to prove that the attempted murder was willful, deliberate, and premeditated than did the defendants in either *Houston* or *Arias*.  In *Houston*, the defense gained this knowledge during the defense case.  In *Arias*, the defense gained this knowledge at the instruction conference.  Here, the defense was well aware of the prosecution's intent to prove that the attempted murder was willful, deliberate, and premeditated before the trial even began.  Both the defense and the prosecution included the instructions on the special allegation in their instructional requests in their trial briefs.  And the prosecution also included in its trial brief a proposed verdict form for the attempted murder count that expressly included the special allegation.  Not only that, but the prosecutor expressly stated in her opening statement that she was pursuing a true finding on the special allegation.  This early notice of the prosecution's intent to pursue a true finding on the special allegation was more than adequate to provide the defense with an opportunity to object based on the special

---

[6]    Defendant also argues that *Houston* "was wrongly decided," but we need not address this argument because we are bound by *Houston*.  (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

7

allegation's absence from the amended information and to seek additional time to prepare to contest it if necessary.

An additional point upon which this case is like *Houston* and unlike *Arias* is that here, as in *Houston*, the "proof" requirement of section 664, subdivision (a) was not violated. The jury made an express true finding that the attempted murder was willful, deliberate, and premeditated. In contrast, in *Arias* the jury instead found only that the crime was "first degree attempted murder," and there was no indication that the jury was instructed that a "first degree" finding was the equivalent of a finding that the attempted murders were willful, deliberate, and premeditated.

Defendant suggests that *Houston* is distinguishable because the trial court in *Houston* expressly mentioned that the special allegation increased the sentence to a life term, while there was no mention here by the trial court of the life term that a true finding on the special allegation might trigger. This is a distinction without a difference. We must presume that defendant's trial counsel was well aware of the implications of the special allegation and competently advised him thereof. Defendant does not identify any legal basis for requiring an information to expressly identify the potential punishment attributable to an offense or allegation. Since a proper information charging the special allegation would not have had to include mention of the punishment to which the special allegation might lead, the omission of the special allegation did not result in defendant being deprived of due process or of the opportunity to object below.

### III. Disposition

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment that includes the omitted gang count and the eight-month consecutive sentence that the court imposed for it. The court shall forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____

Mihara, J.

WE CONCUR:


_____

Elia, Acting P. J.


_____

Márquez, J.